LINES *v.* WEAVER.

1. MORTGAGES — BUILDING CONTRACT — RECORDING — CONSTRUCTIVE NOTICE.

Where plaintiffs' deed of a lot to a contractor for the purpose of allowing him to obtain a construction loan thereon and his contract back to them were both recorded, the mortgagee is chargeable with constructive notice of their contents.

2. SAME—AUTHORITY TO MAKE—TIME WHEN DUE—PRINCIPAL AND AGENT.

Where the contract authorized a mortgage on the premises up to $7,500, at six per cent., payable in not less than three years, an objection that a mortgage for $1,800, due in six months, was not such a loan as was contemplated by the contract cannot be sustained, in view of the fact that the mortgagee testified that he was willing the loan should be extended to the three-year period.

3. SAME—BONA FIDES—INTEREST OF MORTGAGOR — AUTHORITY TO ACT—PRINCIPAL AND AGENT.

Although, by examining the papers, the mortgagee would have discovered that the contractor's interest in the property was not large, that fact would not affect the *bona fides* of the transaction, where he held the legal title with plaintiffs' permission to make the loan.

4. SAME.

Nor was the mortgagee bound to stand by and see that the contractor used the money for construction purposes.

5. SAME—NOTICE OF BAD FAITH.

Where there was no time limit in the contract when the mortgage could be made, and sufficient time had not elapsed since the making of the deed and contract to raise any suspicion on the score of delay, the mortgagee may not be charged with knowledge that the contractor intended to be recreant to his trust because he afterwards acted in bad faith with plaintiffs.

6. SAME—PRINCIPAL WHO MADE POSSIBLE ABUSE OF TRUST MUST
   BEAR LOSS.
   Where it does not appear that the mortgagee aided or
   assisted the contractor in abusing his trust, plaintiffs,
   who selected him and invested him with the powers
   which he abused by mortgaging the premises and then
   absconding, must bear the loss.

Appeal from Wayne; Mandell (Henry A.), J. Submitted June 13, 1922. (Docket No. 9.) Decided October 2, 1922.

Bill by Earl R. Lines and others against Raymond L. Weaver and Charles L. Burrusch for the cancellation of a certain land contract, deed and mortgage. From a decree for plaintiffs except as to the mortgage, they appeal. Modified and affirmed.

*Douglas, Eaman, Barbour & Rogers* (*Guy A. Birge* and *L. E. Barnett,* of counsel), for plaintiffs.

*Frank J. Riggs* (*Arthur G. Lesher,* of counsel), for defendant Burrusch.

BIRD, J. In May, 1919, plaintiffs were the owners of a certain lot in the city of Detroit upon which they were desirous of having a public garage erected. They entered into an agreement with defendant Weaver to construct it for the sum of $9,242. In order to secure Weaver and enable him to negotiate a construction loan, the following arrangement was entered into. Plaintiffs conveyed the lot to Weaver and he, in turn, gave them a contract to repurchase the same at $13,242, and indorsed thereon as paid $4,000, the agreed price of the lot. The deed executed by plaintiff was an ordinary form warranty deed save as to the following provision:

"This deed is given in pursuance of a contract agreement entered into between the parties hereto

simultaneously to the execution hereof, and is subject to the terms and conditions of said contract."

The land contract was in the usual form and contained the provision that:

"The said vendees consent and agree that the said vendor may place a 'construction loan' of not to exceed $7,500, and secure said principal by a mortgage upon said land due in not less than three years from this date, bearing interest at not more than 6% per annum, payable semi-annually, with the usual provision of 7% upon overdue principal and interest."

Both deed and contract were duly recorded in the office of the register of deeds. On June 14, 1919, defendant Weaver executed a mortgage to defendant Burrusch on the lot and obtained a loan of $1,800, payable in six months at six per cent. Seven per cent. after due.

No work was done by Weaver towards the construction of the garage beyond certain excavations which were made to receive the gasoline tank and the footings for the walls. Weaver soon fell into financial difficulties and it is said he has absconded. When it became evident that Weaver was not going to carry out the contract plaintiffs filed this bill praying that the agreement with and deed to Weaver be set aside and canceled, and also that the mortgage from Weaver to defendant Burrusch be declared void and canceled. No defense was made by Weaver. Burrusch defended and the chancellor granted the relief prayed for against Weaver, but refused to set aside the mortgage. Plaintiffs appeal from this part of the decree.

1. Plaintiffs, in support of their prayer, contend that the mortgage for $1,800 to Burrusch is void because it is not such a mortgage as the land contract provides for, and because Burrusch is chargeable with notice of such facts as would constitute him a bad-

faith mortgagee. As to the first proposition it is quite evident that the provision with reference to a loan was inserted in the contract to enable Weaver to obtain a construction loan. The contract and deed were of record and were constructive notice to Burrusch of all they contained. We must assume, therefore, that Burrusch had knowledge of whatever the papers contained. Had he actually examined the deed and contract he would have learned that Weaver had a right to mortgage the premises up to $7,500 to carry on the construction work, and he would not have learned of any provision which was not actually complied with in making the loan, except the time of repayment. Had the contract provided for a six-months' loan the loan made by Burrusch would have been in exact accord with the agreement of the parties. Defendant Burrusch testified that he was willing the loan should be extended to the three-year period to conform with the provision in the contract. In view of this we think the objection that it was not such a loan as was contemplated by the contract cannot be sustained.

2. Upon the question of *bona fides* of Burrusch, plaintiffs say that he was chargeable with notice that

"the agreed price of the property which Weaver bought from the plaintiffs herein and upon which he was to take a mortgage was $4,000, and that this entire sum had been credited as a payment on the contract, and that, therefore, Raymond L. Weaver had no equity left in the property to mortgage and that any mortgage taken thereon would have to attach to the interest of the plaintiffs, if this mortgage was to be good."

Defendant Weaver had the legal title to the lot with a limitation on his right to mortgage in excess of $7,500. The plaintiffs had the equitable title. It is quite likely that defendant Burrusch could have learned, by an examination of the papers, that

Weaver's interest in the property was not large, but he could also have learned, at the same time, that he had an absolute right to mortgage the property up to $7,500.    It was not a matter of much interest to Burrusch the extent of Weaver's interest in the property, as long as he held the legal title and plaintiffs had given him the right to mortgage the premises up to $7,500.

It is further said that Burrusch had notice that Weaver was in default in his contract in that he had agreed to start his building operations at once.    Plaintiffs had given Weaver the privilege of making a construction loan and in pursuance of this he made what would appear to most people as a construction loan.    Burrusch was not obliged to stand by and see that Weaver used the money for construction purposes, and no such time had elapsed since the making of the deed and contract as to raise any suspicion on the score of delay.    Because Weaver acted in bad faith with plaintiffs does not charge Burrusch with the knowledge that he intended to be recreant to his trust when he borrowed the money.    There is nothing in the contract limiting the time when the loan should be made.    Had plaintiffs desired to limit Weaver's authority as to the time when he could mortgage the property, they had it in their power to do so.    It would have been easy to provide that Weaver could mortgage when the work was one-quarter or one-half finished.    Their failure to take this precaution is not the fault of Burrusch.

We are not able to read out of this record any facts or circumstances showing bad faith upon the part of Burrusch in making the loan.    Under the circumstances he acted as most money loaners would have acted if they desired the loan.    The loan was in accord with the agreement of the parties save in respect to the time the loan was to mature.    The real trouble

was, Weaver was dishonest and irresponsible. Plaintiffs selected him and invested him with certain powers which he has abused. It does not appear that defendant Burrusch aided or assisted him in abusing his trust. Plaintiffs must, therefore, bear the loss resulting from their own unfortunate selection of a contractor.

The decree will be affirmed, but in so doing, if plaintiffs elect, the time in which the payment of the loan shall be made shall be extended to the three-year period, as provided in the contract. If no such election is filed within ten days after this opinion is filed, the decree will be affirmed without condition. Defendant Burrusch will recover costs of this court.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.